WILLIAM M. MATNEY, Respondent, v. BENJAMIN S. BOYDSTON, Appellant.

### Kansas City Court of Appeals, June 6, 1887.

PUBLIC SCHOOLS—ANNUAL MEETINGS OF QUALIFIED VOTERS, POWERS OF, ETC.—Under section 7031, Revised Statutes, the powers conferred upon the voters has relation to the then existing school year, and none other. The annual meeting of the given year provides for the school of that year and the length of time it shall be taught. The constitution provides for a term of at least four months, and if, in any year, the people desire a longer school period, they must vote and provide for it at the annual meeting of that year, or a special meeting called for that purpose, after a notice specifying such purpose. Rev. Stat., sect. 7063.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Affirmed.*

The case is stated in the opinion.

RAMEY & BROWN, for the appellant.

I.   Each school district is a corporation, and the inhabitants thereof are clothed with certain governmental functions to be exercised, according to their discretion,

within certain limits, in the government of the public schools, but there is no limit as to the number of months schools shall be kept during the year, except that the rate of taxation shall not exceed sixty-five cents on the hundred dollars valuation. Rev. Stat., 1879, art. 1, chap. 150. The voters are to determine "the length of time, if any, in excess of four months, that the public schools of the district shall be kept open, and order the proper estimate made therefor." Rev. Stat., sect. 7031, and the amendment thereto, Session Acts, 1881, page 199.

II. At the annual meeting in 1883, the school year for which they were providing a school would terminate on the thirtieth day of March, 1884. Rev. Stat., 1879, sect. 7054. The effect of the act of 1883 (Session Acts, p. 183), which went into effect on the first day of July, 1883, was not to create a vacuum, or to exclude the three months from any school year, but it simply added April, May, and June, of 1884, to the 1883 school year. The voters of this district, then, when they met on the first Tuesday in April, 1884, in annual meeting, had the power to provide for a school to be taught during these months. It was not necessary to make an estimate, or to do anything else looking to the levy of a tax to pay the expenses of running this school, because they had the money applicable to that purpose already in their treasury. Rev. Stat., 1879, sect. 3031 ; 1 Dillon on Mun. Corp., sect. 24. Corporations of this kind not only possess the powers which are expressly bestowed upon them, but where the act is silent, they possess, by necessary implication, the authority which is requisite to execute the purposes of their creation. Angell & Ames on Corp., sect. 24 ; 2 Kent's Com. 275.

III. The powers of this corporation continue all the time, and while it is true that they are required by law to order the proper estimate, at the annual meeting, for the funds necessary to run the school determined on, yet this last provision is simply for the purposes of taxation. Rev. Stat., 1879, sect. 7050. But in case they

did not determine upon the length of school, or in case they did not make the estimate, as provided, at the annual meeting, they could call a special meeting for that purpose. Rev. Stat., sect. 7063.

IV. It cannot be true that the people of this district, by providing for an eight months' school at their annual meeting in 1883, deprived themselves of the right to have a school in their district during the months of April, May, and June, 1884; they did not consider these months at all, and if they had, and had determined not to have school during those months, they could, at their annual meeting, in 1884, have reconsidered it, and provided for a school during those months. *School District v. Lewis*, 35 N. J. L. R.

V. It cannot be inferred that the legislature intended to change the policy of the law, unless that intention is clearly expressed. *United States v. Ryder*, 110 U. S. 727; *McDonald v. Hovey*, 110 U. S. 619. The construction given to a statute by those charged with the duty of executing it, ought not to be overruled without cogent reasons. The officers concerned are usually able men, and masters of the subject. Not unfrequently they are the draftsmen of the laws they are afterwards called upon to interpret. *Brown v. United States*, 113 U. S. 568, and cases there cited.

B. R. Vineyard and Vories & Vories, for the respondent.

I. The question of whether the public schools shall be taught for a greater term than four months, in any school district in this state, is entirely with the voters of the respective districts. Section 7, of article 11, of the constitution, to which appellants confidently refer, only authorizes the General Assembly, "In case the public school fund now provided and set apart by law, for the support of free public schools, shall be insufficient to sustain a free school at least four months in every year, in each school district in this state, the General Assem-

bly may provide for such deficiency in accordance with section 11, of the article on revenue and taxation;" section 11, of the article on revenue and taxation, provides that, "For school purposes, in districts, the annual rate on property shall not exceed forty cents on the one hundred dollars valuation: Provided, the aforesaid annual rates for school purposes may be increased, in districts formed of cities and towns, etc.; * * * and in other districts to an amount not to exceed sixty-five cents on the hundred dollars valuation, on the condition that a majority of the voters who are taxpayers, voting at an election held to decide the question, vote for said increase." It, therefore, follows that only in case of a deficiency in the school fund can the General Assembly, under section 11, of the article on revenue and taxation, provide for over four months' school, and not even then, if to conduct a four months' school would require the annual rate to exceed forty cents on the hundred dollars in valuation, except on the condition that a majority of the voters who are taxpayers, voting at an election held to decide the question, vote for said increase. Then it remains entirely with the voters of the respective school districts to decide whether or not a free public school shall be conducted in any district for more than four months, and even the voters cannot burden themselves with a tax greater than sixty-five cents on the hundred dollars' valuation for that purpose, or to conduct even a four months' school. Const. 1875, sect. 7, art. 11, and sect. 11, art. 10.

II. To carry out the provisions of section 11, of article 10, of constitution of 1875, the General Assembly have wisely provided laws, by which the people are enabled to invoke its beneficial provisions, which laws point out the time, place, and mode they shall pursue to receive them. Session Acts, 1881, page 199, provides that, "The qualified voters assembled at the annual meeting shall have power, by a majority of the votes cast, * * * fourth, to determine the length of time,

if any, in excess of four months, that the public schools of the district shall be kept open, and order the proper estimate made therefor : Provided, that the entire esti-mate made for said purpose shall, at no time, exceed, etc., nor more than sixty-five cents on the hundred dollars, in other districts for any one year, on the assessed valua-tion of the property subject to taxation within the dis-trict.'' The above section is the only provision made by the General Assembly enabling the voters to ''determine the length of time, if any, in excess of four months, that the public schools of the district shall be kept open,'' or, to ''order the proper estimate made therefor,'' unless we look to section 7063, of the Revised Statutes of 1879, which provides that ''special meetings for the transac-tion of business may be called by the directors of the district, upon the reception of a petition signed by a majority of the qualified voters thereof, and desiring such meeting. Notice thereof shall be posted in at least five public places within the district, one of which shall be the door of the schoolhouse, if there be one. The notice shall specify the purpose for which the meeting is called, and when met it shall not be empowered to consider any other business than that specified in the notice.'' Counsel for appellant contend that, in case the length of school was not determined upon, or in case a proper estimate was not made, as provided at the an-nual meeting, a special meeting could be called for that purpose. It is not contended by appellant's counsel that any such special meeting was called, or held, or no-tice given for the same, and the records disclose an ab-sence of any such notice or special meeting, but that the acts of appellant complained of were done at the annual meeting for the year 1884. Laws Mo. 1881, p. 199 ; Rev. Stat., sect. 7063.

III.   There is but one annual meeting in each scho-lastic year, at which the voters of the respective dis-tricts assemble and determine the length of school term in excess of four months, if any, shall be conducted, and

make estimate therefor. At the annual meeting of 1883, the voters of the school district concerned herein did determine the length of the school term, and did make estimate therefor, and the length of school time so determined upon was fully taught. At the annual meeting for the scholastic year of 1884, the voters again assembled in said school district, and determined the length of school term, and made estimate therefor, and, in addition, tried to provide for carrying on school at the expense of the district for the months of April, May, and June, 1884, which did not belong to the scholastic year of 1884. This is what the respondent, as a taxpayer, seeks to prevent. The circuit court, we think, was right in making the injunction perpetual, for the reason that, at the annual meeting of 1884, the voters could legally determine nothing that did not concern the conducting of the school for the year 1884, and any act looking to making expense or conducting school in any other year was consequently void and of no effect.

ELLISON, J.—The following is agreed as being substantially the facts in this cause :

The appellants are now, and at all times herein mentioned, have been, the duly qualified and acting directors of school district number one, which is composed of territory lying in township 55, of range 34, in Buchanan county, and township 54, of range 34, in Platte county, Missouri, and the respondent is a citizen and taxpayer of said school district. At the annual meeting of said school district, held on the first Tuesday of April, 1883, it was determined by said meeting that an eight months' school should be taught for the ensuing year, which would terminate on the thirtieth day of March, 1884. After the annual meeting of said school district, in 1883, and before the annual meeting in 1884, the time for the commencement of the school year was changed, so that thereafter the school year would commence on the first day of July, instead of the first Tuesday of April, but

the time for holding the annual meeting in school districts was not changed. Sess. Acts, 1883, p. 183. At the annual meeting held on the first Tuesday of April, 1884, there was to the credit of this school district, in the treasuries of Platte and Buchanan counties, $312.35, money that had been collected from time to time to pay the necessary expenses of running the school in said district, and was applicable for that purpose. That, at the annual meeting, held in April, 1884, it was determined to hold and conduct a three months' school, during the months of April, May, and June, that would intervene between the annual meeting and the commencement of the next school year, and an eight months' school in the next school year, terminating on the thirtieth day of June, 1885. In pursuance of the determination and direction of the electors of said district, at said annual meeting, these appellants employed a teacher for the three months, April, May, and June, 1884, at a salary of thirty-five dollars per month, to teach said school, to be paid for out of the money then on hand, and for which no estimate was made, for the assessment of taxes to raise funds to run said three months' school, the money for that purpose being then in the treasury; and to enjoin and restrain them from expending this money for this purpose, the plaintiff and respondent instituted this suit. The circuit court granted a temporary injunction, and, upon a final hearing, made said injunction perpetual, restraining and enjoining these appellants from expending any moneys belonging to said school district in payment of said teacher, or the expense of running said school, and appellants, to reverse said judgment, have, in due form, brought the cause to this court by appeal.

It will be noticed that an extra four months' school was authorized by a vote, at the annual meeting held in April, 1883. At that time, the school year began the first Tuesday in April. Before the next annual meeting, the beginning of the school year was fixed at July 1, by

the General Assembly, though the annual meeting was still kept at the first Tuesday in April. It was at the regular annual meeting in April, 1884, that the school complained of was authorized, and the whole question turns on the authority of that annual meeting to make such order.

By section 7029, Revised Statutes, annual meetings are authorized, and section 7031 enumerates the powers of these meetings. It is provided that "the qualified voters assembled at the annual meeting shall have power, by a majority of the votes cast, * * * fourth, to determine the length of time, if any, in excess of four months, that the public schools of the district shall be kept open, and order the proper estimate to be made therefor, provided that the entire estimate for such purposes, shall at nc time exceed one per centum, for any one year, of the assessed valuation of the property subject to taxation within the district." It is evident that an annual meeting, in this respect, exercises its powers in relation to the then ensuing school year, and none other. The annual meeting of the given year provides for the school of that year, and the length of time it shall be taught. By section 7, article 2, of the constitution, a school, of at least four months' duration, in each year, is provided for. If, in any year, the people desire a longer school period, they must vote and provide for it at the annual meeting of that year, or a special meeting called for that purpose, *after a notice specifying such purpose.* Rev. Stat., sect. 7063.

The annual meeting of 1883 voted an extra four months' school, for that scholastic year. The annual meeting for 1884 did the same for 1884, and, in addition, voted for a school not in that year ; this it could not do. In so stating, we are not taking issue with counsel in their assertion that if there be funds, without exceeding the tax limit, a school may be authorized for the whole year. The school law grants powers to the taxpayers of the district, at specified meetings, to be exer-

cised in a prescribed way. The terms of the law give notice to the voter of what business will be transacted at an annual meeting, and he has a right to assume that no business, outside of this, will be transacted.

It is not now necessary to state as to whether or not the months of April, May, and June, 1884, belonged to the school year of 1883, but it is certain they did not form a part of the school year of 1884. If they belonged to the year 1883, a special meeting in that year could have disposed of the matter, and a school kept open during those months. As it is, that period having passed, a future annual meeting may provide for the disposition of this fund, or a special meeting, called for that purpose, may do so. Rev. Stat., sect. 7063.

With the concurrence of the other judges, the judgment is affirmed.